798 F.2d 1416
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
David S. ROSE and Sydney Rose, Defendants-Appellants.
 No. 84-1235.
 United States Court of Appeals,
Sixth Circuit.
 July 21, 1986.
 
 Before LIVELY, Chief Judge, and MERRITT and NELSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is an appeal from a summary judgment entered in favor of the United States in an action brought by it on behalf of the Small Business Administration against David Rose and his wife Sydney on their guaranty of a promissory note. We believe the judgment was proper.
 
 
 2
 In 1975 a partnership in which Mr. Rose had an interest, Churchill's Jewelry and Gift Showrooms, Ltd., obtained a $388,800 loan from the Bank of -,the Commonwealth. Churchill's Jewelry executed a promissory -note for that amount on a Small Business Administration form, and Mr. and Mrs. Rose signed a separate SBA guaranty form stating that in order to induce the bank to make the loan they "unconditionally" guaranteed the punctual payment of the note when due. By its terms, the guaranty ran to the lender and its assigns.
 
 
 3
 In 1977 the note was assigned to the Small Business Administration, which obtained a security interest in the assets of Churchill's Jewelry. In 1979 a company called Grinnell Brothers, Inc., assumed the outstanding balance of the loan, with the SBA's consent, and gave the SBA a security interest in its own assets. Mr. & Mrs. Rose gave the SBA new guaranties, prepared on forms identical to that used earlier
 
 
 4
 When Mr. Rose executed his 1979 guaranty, it was with the undertanding, based upon oral representations made by an SBA official, that the SBA would look to the collateral before looking to the guarantors for payment. The text of the 1979 guaranty, however, like that of its predecessor, said that if the debtor failed to make payment when due, the guarantor would pay "immediately" on written demand of the lender. All of the guaranties were, by their terms, "unconditional," and all of them provided that the lender "shall not be requ ired ... to pursue or exhaust any of its rights or remedies with respect to any part of the collateral."
 
 
 5
 Approximately $205,000 of the loan principal was repaid, but the rest was not. On May 1, 1981, the SBA sent certified letters to Mr. & Mrs. Rose notifying them that the loan was in default and demanding payment of the unpaid principal plus accrued interest. A year later, no further payment having been received, the United States brought this action.
 
 
 6
 * * *
 
 
 7
 * * *
 
 
 8
 The Roses' first contention is that summary judgment was improper because of the oral representations that the Small Business Administration would look to the collateral securing the note prior to demanding payment from the guarantors. -Whether or not oral representations may ever estop the United States, however, there can be no estoppel without a detrimental change of position in reliance on the representations. Heckler v. Community Health Services of Crawford, 467 U.S. 51 (1984). No such change in in position occurred here; the loan had been unconditionally guaranteed by Mr. and Mrs. Rose in 1975, and the 1975 guaranty would have run to the SBA, as an assignee of the Bank of the Commonwealth" even if no further guaranties had ever been given. The SBA gained nothing of substance when the 1979 guaranties were given, and the Roses lost nothing of substance.
 
 
 9
 The Roses' second contention is that the SBA violated a federal common law duty (arising from the Uniform Commercial Code) diligently to protect and enforce its security interests. As we have noted, however, the Roses' guaranties expressly negated such duty, and the guaranties were "unconditional." "The failure of a secured party to diligently enforce its rights against collateral security ... clearly would not discharge a guarantor's duties pursuant to an unconditional guaranty." United States v. Willis, 593 F.2d 247, 255, n. 10 (6th Cir.1979) (dictum).
 
 
 10
 Willis was a case where the SBA had taken possession of collateral and disposed of it in a way that was not commercially reasonable. The agency was held to be precluded from recovering a deficiency judgment against the guarantors in that situation, but this in no way suggests that the SBA may not recover where it is not required to pursue any of its rights with respect to the collateral and has elected not to do so.
 
 
 11
 The summary judgment is AFFIRMED.